Kevin G. Little, SBN 149818
Michelle L. Tostenrude, SBN 290121
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, CA 93747
Telephone: (559) 342-5800
Facsimile: (559) 242-2400
E-Mail: service@kevinglittle.com

Attorneys for Plaintiff ELIO GAMEZ

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| ELIO GAMEZ,<br><br>                    Plaintiff,<br><br>     vs.<br><br>COUNTY OF FRESNO; and DOES 1-10,<br><br>                    Defendants. | Case No.: 1:26-cv-00297-KES-EPG<br><br>**PLAINTIFF ELIO GAMEZ'S OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(E)]**<br><br>**DATE:**  **No Hearing Set.**<br>**TIME:**  **No Hearing Set.**<br>**DEPT:**  **No Hearing Set.**<br><br>Judge:      Hon. Kirk Sheriff<br>Dept:       Courtroom 6, 7th floor<br>Action Filed: 12/12/2025<br>Trial Date:   Not Yet Set |

## I. INTRODUCTION

Plaintiff Elio Gamez respectfully submits this opposition to Defendant County of Fresno's Motion for a More Definite Statement. The County asks this Court to compel Plaintiff to replead his First Claim for Relief, arguing it is an impermissible pleading that improperly combines multiple legal theories. However, the County's motion fundamentally misapprehends both the liberal notice pleading standards that govern this action and the unique procedural posture of this case.

This action was commenced in Fresno County Superior Court on December 8, 2025, and was drafted in compliance with California's pleading standards. It was the Defendant, not the Plaintiff, who elected to remove the case to federal court. Federal Rule of Civil Procedure 81(c)(2)

- 1 -

is explicit on this point: after removal, repleading is not required unless the court so orders. As the Advisory Committee Notes to the 2007 amendments to Rule 81 make clear, a party who removes a case to federal court must generally accept the pleading as it was filed in state court. The County cannot have it both ways—it cannot remove the case to federal court and then immediately complain that the complaint was not originally drafted for federal court.

The question before this Court is not whether the Complaint conforms to some idealized vision of federal pleading, but whether it is so vague or ambiguous that the County cannot reasonably prepare a response. It is not.

The Complaint sets forth a clear and coherent narrative: Plaintiff suffered a serious wrist injury during his arrest, was denied proper medical care while incarcerated, watched his condition worsen from a treatable fracture to a dead bone requiring extensive fusion surgery, engaged in protected activity by seeking legal redress, and was then beaten, tased, denied medication, and thrown into solitary confinement in retaliation—all while being explicitly threatened by a jail employee who told him, "If you want to file a lawsuit, I'll give you something to file about."

These are not threadbare recitals. They are specific factual allegations describing particular events, dates, injuries, and conduct. The County can answer these allegations. It can admit them, deny them, or assert defenses. Rule 12(e) requires nothing more

## II. FACTUAL BACKGROUND

On December 8, 2025, Plaintiff Elio Gamez filed his Complaint in Fresno County Superior Court alleging civil rights violations and negligence arising from his treatment while incarcerated at the Fresno County Jail. The Complaint sets forth a detailed narrative of events spanning from his arrest in December 2024 through the filing of his government tort claim in April 2025 and the subsequent retaliation he endured.

According to the Complaint, Plaintiff was arrested on December 16, 2024, by Fresno Police Officers for suspicion of vehicle theft and evading police. Complaint, ¶ 8. During his arrest, Plaintiff suffered injuries to his scaphoid bone and was taken to a hospital for assessment and treatment. Medical professionals informed Plaintiff and the accompanying officers that Plaintiff

- 2 -

**KGL**
**LAW OFFICE OF KEVIN G. LITTLE**
Fresno | San Francisco

might need to undergo surgery to treat his injuries and provided a brace for his wrist to aid the injured bone while healing. Complaint, ¶ 9.

Upon Plaintiff's arrival at the Fresno County Jail, unknown County employees confiscated this prescribed brace. Plaintiff was denied the use of any sort of brace for approximately two months, after which he was belatedly provided with an ineffectual brace that was insufficient for supporting his injured arm. Complaint, ¶ 10.

Approximately four months after his initial hospital visit, Plaintiff and accompanying unknown County employees returned to the hospital for a follow-up visit due to increasing pain from his injury. At that time, medical professionals informed Plaintiff that his scaphoid bone had in fact died due to the delay in proper care. As a result, instead of the comparatively simple surgery originally contemplated, Plaintiff now needs the damaged bone removed and a fusion of three of his other bones to ensure the continued use of his arm and hand. Complaint, ¶ 11. Plaintiff alleges that unknown County employees are denying him this medically recommended surgery due to their reluctance to accommodate the extensive physical therapy that would be required afterward, and he faces the risk of needing amputation of his hand or entire arm without this surgery. Complaint, ¶¶ 12-14.

On April 16, 2025, Plaintiff's counsel sent a letter to the administration of the Fresno County Jail requesting that Plaintiff receive the medically necessary surgery. Plaintiff also filed a claim for damages with the County of Fresno at this time. Shortly after this correspondence and claim were filed, multiple unknown County employees tackled Plaintiff from behind, threw him to the ground, and beat him. Plaintiff alleges he has been retaliated against by unknown County employees in the form of beatings and tasings, has been denied needed anti-inflammatory and antibiotic medications, and has been unjustifiably relegated to solitary confinement in retaliation. Significantly, Plaintiff was told by an unknown County employee, "If you want to file a lawsuit, I'll give you something to file about." Complaint, ¶¶ 15-18.

The First Claim for Relief incorporates these factual allegations and asserts violations of California Civil Code § 52.1 (the Bane Act) and corresponding federal civil rights protections arising from the same nucleus of operative facts. Complaint, ¶¶ 20-33. The Complaint makes clear

- 3 -

PLAINTIFF ELIO GAMEZ'S OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(E)]

**KgL**
**LAW OFFICE OF KEVIN G. LITTLE**
Fresno | San Francisco

that Defendant County of Fresno is named under a theory of vicarious liability pursuant to California Government Code § 815.2, which renders public entities liable for the acts and omissions of their employees within the scope of employment. Complaint, ¶ 32. The Complaint specifically alleges that "Fresno County is also vicariously liable under state law for the misconduct of its individual employees" and that "Defendant County of Fresno is vicariously liable for Fresno County Jail Employees'/Staffs' violations, as the Unknown Jail Staff and Unknown C.O.s were acting within the course and scope of their employment." Complaint ¶¶ 5, 32. No *Monell* claim is asserted, and none is required.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement not when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." The rule requires the moving party to point out the defects complained of and the details desired.

Motions for a more definite statement are disfavored in light of the liberal pleading standards established by Rule 8(a)(2). Federal courts construe Rule 12(e) narrowly, reserving it for pleadings that are genuinely unintelligible rather than merely lacking in detail. As the Central District explained in *Beery v. Hitachi Home Elecs. (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993), a motion for a more definite statement should be denied where the complaint "fairly apprises defendant of the nature of the claims." Similarly, in *Griffin v. Cnty. of Humboldt*, 2023 WL 2760322, at *2 (N.D. Cal. Apr. 3, 2023), the court emphasized that Rule 12(e) "is intended to remedy unintelligible pleadings, not to require factual detail more appropriately obtained through discovery."

A court should grant a Rule 12(e) motion only when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Koerner v. Vigilant Ins. Co.*, No. 16-13319, 2016 WL 4721242, at *2 (E.D. La. Sept. 12, 2016). The moving party cannot use Rule 12(e) to obtain evidentiary details or narrow issues better left to discovery.

Critically, this action was commenced in state court and was removed to federal court by the Defendant. Federal Rule of Civil Procedure 81(c)(2) provides that after removal, "repleading is not

KgL
LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco

required unless the court orders it." The Advisory Committee Notes to the 2007 amendments explain that this provision "reflects the current practice that a party who removes a case need not file new pleadings after removal unless the court so orders." The complaint, as filed in state court, stands as the operative pleading unless and until this Court determines that it is so deficient that repleading is necessary.

Federal courts have consistently applied Rule 81(c)(2) to deny procedural attacks on the sufficiency of state-court pleadings after removal where the complaint is intelligible and provides adequate notice. In *Barajas v. Progressive Casualty Insurance Co.*, 2021 WL 5033507 (S.D. Cal. Oct. 29, 2021), the court held that under Rule 81(c)(2), "a state-court pleading is sufficient unless the federal court directs otherwise." The County's request for compelled repleading improperly disregards this procedural protection.

## IV. ARGUMENT

### A. Federal Rule of Civil Procedure 81(c)(2) Forecloses the Relief the County Seeks

Before addressing the substance of the County's motion, a threshold procedural point bears emphasis: this case was removed from state court, and the County was the removing party. Federal Rule of Civil Procedure 81(c)(2) could not be clearer: after removal, "repleading is not required unless the court orders it." The Advisory Committee Notes reinforce that a defendant who removes a case must generally accept the pleading as it was filed in state court.

The County cannot remove this action to federal court and then immediately complain that the complaint was not drafted to federal specifications. If the County believed the Complaint was so deficient that it could not respond, it could have demurred in state court. It chose instead to remove. Having made that choice, the County must live with the consequences: the Complaint stands as filed unless and until this Court, in its discretion, determines that repleading is warranted. *Barajas*, 2021 WL 5033507, at *2 ("A state-court pleading is sufficient unless the federal court directs otherwise.").

This is not to say that complaints removed from state court are immune from Rule 12 scrutiny. They are not. But Rule 81(c)(2) establishes a presumption that the existing pleading is

PLAINTIFF ELIO GAMEZ'S OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(E)]

sufficient for purposes of proceeding in federal court. The burden is on the moving party to overcome that presumption. The County has not done so here.

**B. The First Claim for Relief is Not a "Shotgun Pleading" Under Governing Precedent**

Defendant argues that the First Claim for Relief is a "quintessential improper 'shotgun' pleading" because it references multiple constitutional provisions and fails to explicitly cite 42 U.S.C. § 1983 or *Monell* [citation: Motion, pg. 4]. This argument misconstrues the nature of shotgun pleadings and ignores the liberal pleading standards of the Federal Rules.

*1. The Complaint is Distinguishable from Cited Precedents*

Defendant relies heavily on *Gibson v. City of Portland*, — F.4th —, 2026 WL 235118 (9th Cir. 2026). As Plaintiff's counsel correctly noted during meet-and-confer, *Gibson* addressed a complaint that contained multiple causes of action asserted against multiple defendants without specifying "who did what" [citation: Motion, Exhibit A]. In *Gibson*, the plaintiff alleged 252 paragraphs of facts followed by counts that indiscriminately incorporated all preceding allegations against all defendants.

The complaint here bears no resemblance to those that have drawn judicial censure. Here, by contrast, Plaintiff asserts claims against a single defendant (County of Fresno) based on a clear, chronological narrative of specific events. The factual allegations (¶¶ 7-19) identify distinct conduct: (1) the confiscation of the brace; (2) the delay in medical treatment leading to bone death; (3) the filing of the tort claim/letter; and (4) the specific retaliatory acts (beating, tasering, solitary confinement). The First Claim for Relief incorporates these specific factual predicates.

In *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011), the Ninth Circuit addressed the problem of shotgun pleadings, describing them as complaints in which "each count incorporates all preceding counts by reference" and which "fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."

The *Destfino* court found problematic a complaint that indiscriminately incorporated all preceding paragraphs into each cause of action and failed to specify which defendants were responsible for which conduct. By contrast, Plaintiff's Complaint is concise, containing just nineteen paragraphs of factual allegations. The First Claim for Relief incorporates these allegations

- 6 -

**KGL**
**LAW OFFICE OF KEVIN G. LITTLE**
Fresno | San Francisco

by reference—a pleading technique expressly permitted by the Federal Rules. The Complaint identifies specific conduct, specific dates, and specific injuries. It describes a clear chronology of events and identifies the legal theories under which relief is sought.

Unlike the complaints in *Gibson* and *Destfino*, which made it "difficult, if not impossible, for the opposing party to formulate a response," Plaintiff's Complaint permits the County to do exactly that. The County can admit, deny, or explain each of the nineteen factual allegations. It can assert defenses. It can proceed to discovery. Nothing more is required at the pleading stage.

### C.  The First Claim for Relief Provides Adequate Notice Under Rule 8

Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The First Claim for Relief satisfies this standard by clearly identifying the legal basis for relief, alleging specific conduct by defendants, and alleging specific injuries resulting from that conduct.

The claim expressly invokes California Civil Code § 52.1 and the 1871 Civil Rights Act—understood to mean 42 U.S.C. § 1983—as the statutory foundations for relief. The claim alleges that defendants acted with deliberate indifference and reckless disregard by ignoring serious medical complaints, confiscating prescribed medical equipment, denying antibiotics, and delaying necessary surgery. The claim further alleges that Plaintiff engaged in protected activity by filing a grievance and tort claim and that defendants responded with physical violence, threats, denial of medication, and solitary confinement, including the explicit threat that if Plaintiff wanted to file a lawsuit, they would give him something to file about. Finally, the claim alleges that defendants' actions caused serious bodily injury, emotional distress, and the possible loss of Plaintiff's arm.

This level of detail far exceeds the threadbare recitals condemned in *Iqbal*. Plaintiff has provided the County with the essential who, what, when, where, and why of his claims. The County can reasonably prepare a response to these allegations. Indeed, the County's motion demonstrates that it understands the Complaint perfectly well. Its motion identifies the specific legal theories it believes are implicated, including the Bane Act, section 1983, retaliation, due process, and free speech. It also identifies the specific defenses it intends to raise. A party cannot simultaneously claim that a pleading is unintelligible and dissect its legal theories with the precision the County has

- 7 -

KgL
**LAW OFFICE OF KEVIN G. LITTLE**
Fresno | San Francisco

demonstrated here. As the court observed in *Holmes v. City of San Diego*, 2016 WL 3648961, at \*3 (S.D. Cal. July 7, 2016), a party cannot successfully assert unintelligibility while simultaneously offering detailed legal arguments refuting the allegations. The County's ability to articulate these arguments proves that the Complaint is sufficiently clear to permit a response.

**D. The County's Liability is Properly Pleaded Under Section 815.2, and No Monell Claim is Asserted**

The County's motion repeatedly argues that the First Claim for Relief does not mention *Monell v. Department of Social Services*, 436 U.S. 658 (1978), or specify a policy or custom supporting municipal liability. This argument is entirely beside the point because Plaintiff is not asserting a *Monell* claim.

The Complaint makes clear that Defendant County of Fresno is named under a theory of vicarious liability pursuant to California Government Code § 815.2. Section 815.2(a) provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." This is the standard for vicarious liability of public entities under California law.

The Complaint specifically alleges that "Fresno County is also vicariously liable under state law for the misconduct of its individual employees." Complaint ¶ 5. The First Claim for Relief further alleges that "Defendant County of Fresno is vicariously liable for Fresno County Jail Employees'/Staffs' violations, as the Unknown Jail Staff and Unknown C.O.s were acting within the course and scope of their employment." Complaint ¶ 32.

No *Monell* claim is asserted, and none is required. As the Ninth Circuit recognized in Robinson v. Boren, 841 F.2d 398, 400 (9th Cir. 1988), *Monell* applies only to claims under 42 U.S.C. § 1983, not to state law claims. California's statutory framework expressly allows for public entity liability through vicarious liability under § 815.2(a). The County's insistence on reading *Monell* requirements into a complaint that explicitly disclaims them is puzzling at best. The County can answer the Complaint as pleaded; it need not guess about the existence of claims that are not there.

PLAINTIFF ELIO GAMEZ'S OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(E)]

**E.  The Government Claims Act Argument is a Substantive Defense That Does Not Warrant Rule 12(e) Relief**

The County suggests it cannot determine whether Plaintiff's retaliation claim is brought under state or federal law and that if brought under state law, it may be barred for failure to present a timely claim. This argument misses the mark for two reasons.

First, the Complaint expressly alleges that "Plaintiff has complied with the Government Claims Act, Gov. Code secs. 900 et seq., by submitting claims within six months of the issues alleged herein." Complaint ¶ 3. This allegation encompasses all claims arising from the same factual nexus, including retaliation that flows directly from the filing of the tort claim for bodily injury.

Second, even if there were a technical deficiency in claim presentation, that is a matter to be raised in a dispositive motion, not a basis for compelling a more definite statement. Rule 12(e) addresses vagueness that prevents a response, not the legal sufficiency of claims. The County can assert a Government Claims Act defense in its answer or in a motion for summary judgment; it does not need additional detail from Plaintiff to do so. *Beery*, 157 F.R.D. at 480 (Rule 12(e) "may not be used to obtain evidentiary details").

**F.  Rule 12(e) Is an Improper Vehicle for the Relief the County Seeks**

The County's motion seeks, in essence, to compel Plaintiff to separate his legal theories into multiple counts and to plead additional detail regarding matters that are either irrelevant to its liability or properly reserved for discovery. Rule 12(e) is not designed for this purpose. As the Advisory Committee Notes make clear, Rule 12(e) is designed to strike at unintelligibility rather than want of detail. Rule 12(e) is appropriate only where a complaint is so excessively vague and ambiguous as to be unintelligible. *Griffin*, 2023 WL 2760322, at *2.

The County has not come close to meeting this high standard. It has identified no ambiguity that prevents it from responding. It has not pointed to a single allegation it cannot admit, deny, or explain. It has simply expressed a preference for a differently organized complaint. That is not a basis for relief under Rule 12(e). Modern discovery tools—rather than motions practice—are the appropriate means for obtaining greater factual detail. *Id.*

PLAINTIFF ELIO GAMEZ'S OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(E)]

Regarding the punitive damages issue, the County notes an apparent inconsistency between the First Claim for Relief's request for punitive damages "against all defendants" and the Prayer for Relief's request for punitive damages against individual defendants. Complaint ¶ 33; Prayer ¶ 2. If the County is genuinely confused by this inconsistency, Plaintiff is prepared to clarify that punitive damages are sought only against individual defendants, consistent with California Government Code § 818. This minor clarification, if the Court deems it necessary, does not warrant the extraordinary remedy of a Rule 12(e) order requiring repleading of the entire First Claim for Relief.

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant County of Fresno's Motion for a More Definite Statement in its entirety. The Complaint provides more than sufficient detail to permit the County to prepare a response. The County's true complaint appears to be that it does not like the way Plaintiff has organized his legal theories, but Rule 8 expressly permits alternative pleading, and Rule 12(e) is not a vehicle for compelling plaintiffs to adopt a defendant's preferred organizational structure.

The County removed this case to federal court. Under Rule 81(c)(2), it must accept the Complaint as it was filed in state court unless it can demonstrate that the pleading is so unintelligible that no response is possible. It cannot make that showing here. The Complaint fairly apprises the County of the nature of the claims, the conduct at issue, and the injuries sustained. That is all Rule 8 requires, and all Rule 12(e) may demand.

In the alternative, if the Court finds any ambiguity regarding the punitive damages request, Plaintiff requests leave to file a minor amendment clarifying that punitive damages are sought only against individual defendants, without the need for a full repleading of the First Claim for Relief.

Dated: March 3, 2026                    Respectfully submitted,

LAW OFFICE OF KEVIN G. LITTLE

*/s/ Kevin G. Little*
Kevin G. Little
Attorneys for Plaintiff ELIO GAMEZ

PLAINTIFF ELIO GAMEZ'S OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(E)]

**KgL**
**LAW OFFICE OF KEVIN G. LITTLE**
Fresno | San Francisco