UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIO GAMEZ, | Case No. 1:26-cv-00297-KES-EPG |
| Plaintiff, | |
| v. | ORDER DIRECTING ATTORNEY KEVIN LITTLE TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED |
| COUNTY OF FRESNO, | |
| Defendant. | (ECF No. 12) |

## I.      INTRODUCTION

Defendant County of Fresno removed this case to this Court on January 14, 2026. (ECF No. 1). Plaintiff Elio Gamez's underlying state court complaint alleges two counts: (1) civil rights violations under State and Federal law and (2) negligence. (ECF No. 1-1, pp. 3, 6-8).

On March 3, 2026, attorney Kevin Little, on behalf of Plaintiff Elio Gamez, file a brief opposing Defendant County of Fresno's Motion for a More Definite Statement.  (ECF No. 12).  It appears to the Court that Plaintiff's brief (1) cited authority that does not exist; (2) fabricated quotes from authority that does exist; and (3) made material legal representations without supporting authority. Such issues suggest that Attorney Little relied on generative artificial intelligence (AI) to draft the opposition brief without ensuring that the generated content was accurate or otherwise supported.

Accordingly, the Court issues this order directing Attorney Little to show cause why he should not be sanctioned.

1

## II.      LEGAL STANDARDS

Recently, "many courts have confronted briefs populated with fraudulent legal citations resulting from attorneys' reliance on generative AI." *Noland v. Land of the Free, L.P.*, 114 Cal. App. 5th 426, 433, 446 (2025). Courts, including those in this District, have sanctioned "attorneys and *pro se* parties for submitting fictitious case citations, fictitious quotations, and related misrepresentations to the court." *United States v. Hayes*, 763 F. Supp. 3d 1054, 1071 (E.D. Cal. 2025), *reconsideration denied*, No. 2:24-CR-0280-DJC, 2025 WL 1067323 (E.D. Cal. Apr. 9, 2025) (collecting cases). Sanctions have included (1) monetary sanctions; (2) the striking of briefs; (3) requiring written notification to the attorney's client; and (4) dismissal of the complaint. *Id.* at 1071-72.

Such sanctions have been based on the Court's inherent authority, the Court's Local Rules, Professional Rules of Conduct, and the Federal Rules of Civil Procedure. *Id.* at 1062-63 (citing Court's inherent authority, Local Rules, and Rules of Professional Conduct as basis to issue sanctions); *Tercero v. Sacramento Logistics*, LLC, No. 2:24-CV-00953-DC-JDP, 2025 WL 2605020, at *13 (E.D. Cal. Sept. 9, 2025) (issuing sanctions under Federal Rule of Civil Procedure 11(b) and Local Rule 180(e)).

However, "[b]efore imposing sanctions on an attorney, the court must provide the attorney with notice and an opportunity to be heard." *Hayes*, 763 F. Supp. 3d at 1062.

## III.     APPARENT ERRORS

With the above legal standards in mind, the Court notes some apparent errors[1] in Plaintiff's opposition to Defendant's motion for a more definite statement.  (ECF No. 12).

First, Plaintiff's brief includes citations to cases that do not appear to exist.  For example, he cites "*Griffin v. Cnty. of Humboldt*, 2023 WL 2760322, at *2 (N.D. Cal. Apr. 3, 2023)"; "*Barajas v. Progressive Casualty Insurance Co.*, 2021 WL 5033507 (S.D. Cal. Oct. 29, 2021)"; and "*Holmes v. City of San Diego*, 2016 WL 3648961, at *3 (S.D. Cal. July 7, 2016)" in his opposition brief. (ECF No. 12, pp. 4, 5, 8).  However, the Court was not able to locate any cases matching these citations.  *See Tercero*, 2025 WL 2605020, at *10 (noting that "citations to nonexistent cases bear the hallmarks of hallucinated cases created by artificial intelligence

---

[1] This order does not identify every apparent error in the opposition brief, only a representative selection.

tools.").

Second, Plaintiff's brief appears to include apparent quotations from authority that does exist. For example, the opposition brief states as follows:

> In *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011), the Ninth Circuit addressed the problem of shotgun pleadings, describing them as complaints in which "each count incorporates all preceding counts by reference" and which "fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."

(ECF No. 12, p. 6).  While *Destfino* does exist, the Court was unable to locate the quoted language that is supposed to appear on page 958.[2] *See Cummins v. Becerra*, No. 1:25-CV-01853-DC-AC, 2026 WL 373336, at *1 (E.D. Cal. Feb. 10, 2026) (noting that inaccurate quotations suggest the use of generative AI).

Third, Plaintiff's brief appears to include legal representations that lack supporting authority. For example, Plaintiff's opposition brief states that Federal Rule of Civil Procedure "81(c)(2) establishes a presumption that the existing pleading is sufficient for purposes of proceeding in federal court. The burden is on the moving party to overcome that presumption." (ECF No. 12, pp. 5-6). Plaintiff's brief does not include a citation for this legal representation. However, to the extent that Attorney Little suggests that state court pleading rules continue to govern post-removal to Federal Court, this is unsupported by any citation and is contradicted by existing authority. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("It is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal.") (citation and quotation marks omitted); *Horvath v. JP Morgan Chase & Co.*, No. 3:21-CV-1665-BTM-AGS, 2022 WL 1036774, at *2 (S.D. Cal. Apr. 6, 2022) (noting that "Plaintiff is incorrect that federal pleading standards do not apply once a California small claims case has been removed to federal court").

\\\

---

[2] The Court recognizes that different language discussing shotgun pleadings does appear on page 958 of *Destfino*: "The order dismissing the first amended complaint explained that the complaint grouped multiple defendants together and failed to 'set out which of the defendants made which of the fraudulent statements/conduct.' The district court made clear in this order that plaintiffs must amend their 'shotgun pleading' to 'state[ ] clearly how each and every defendant is alleged to have violated plaintiffs' legal rights.'"

**IV.    ORDER**

In light of the apparent deficiencies in Attorney Little's opposition brief, IT IS ORDERED as follows:

1.  By no later than April 20, 2026, Attorney Little shall file a response to this order, explaining whether his opposition brief contains deficiencies, and if so, showing cause why he should not be sanctioned for them.[3]

2.  Failure to fully and candidly comply with this order may result in sanctions in addition to any imposed for deficiencies in the opposition brief.

IT IS SO ORDERED.

Dated:   **April 6, 2026**                    /s/ *Erin P. Gro...*
                                         UNITED STATES MAGISTRATE JUDGE

---

[3] If Attorney Little argues that his brief does not contain any deficiencies, he shall include copies of cited authority that does not appear on Westlaw.

4