UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIO GAMEZ,<br><br>        Plaintiff,<br><br>        v.<br><br>COUNTY OF FRESNO,<br><br>        Defendant. | Case No. 1:26-cv-00297-KES-EPG<br><br><br>ORDER (1) DISCHARGING ORDER TO SHOW CAUSE AND (2) SETTING BRIEFING SCHEDULE ON MOTION FOR MORE DEFINITE STATEMENT<br><br>(ECF No. 16) |

## I.    INTRODUCTION

Defendant County of Fresno removed this case to this Court on January 14, 2026. (ECF No. 1). Plaintiff Elio Gamez's underlying state court complaint alleges two counts: (1) civil rights violations under State and Federal law and (2) negligence. (ECF No. 1-1, pp. 3, 6-8).

On March 3, 2026, Attorney Kevin Little, on behalf of Plaintiff Elio Gamez, filed a brief opposing Defendant's motion for a more definite statement. (ECF No. 12; *see* ECF No. 10).

On April 6, 2026, the Court issued an order for Attorney Little to show cause why he should not be sanctioned because his opposition brief appeared to contain deficiencies stemming from his use of generative artificial intelligence (AI) without verification that the generated content was accurate or otherwise supported. (ECF No. 16). Specifically, the opposition brief appeared to (1) cite authority that did not exist; (2) fabricate quotes from authority that did exist; and (3) make material legal representations without supporting authority.

1

Attorney Little has responded to the order to show cause, which the Court summarizes below. (ECF No. 17).

Upon review of Attorney Little's response, and for the reasons explained in this order, the Court will (1) discharge the order to show cause and (2) set a new briefing schedule on the motion for a more definite statement.

## II.     RESPONSE TO ORDER TO SHOW CAUSE

Attorney Little responded to the order to show cause in a declaration filed on April 6, 2026, with includes attachments relating to the drafting process for his opposition brief. (ECF No. 17). In it, he admits to using a generative AI application to draft an opposition containing errors, however, he states that the "earliest draft [he possesses] did not contain any of the hallucinated authorities that [the] Court identifies in the Order to Show Cause." (*Id.* at 2). He used "OpenCase to refine and improve that draft," which he represents is not supposed to create hallucinated authorities and he has "never had any issues with it providing hallucinated authorities." (*Id.*). He "first used OpenCase to check to see if any hallucinated authorities appeared in [his draft], and then after a couple of queries and its provision of additional research citations, [he] utilized it to help [him] produce a near-final draft, which [he] then proofread, edited, formatted, and gave to [his] staff to put in final form and file." (*Id.*). He contends that "the hallucinated authorities identified by the Court all got baked into the final draft when [he] used OpenCase, which [he] understood at the time had guardrails that would have prevented that from occurring." (*Id.*). And "[h]ad [he] known it was possible for OpenCase to hallucinate case authorities similar to non-legal generative AI applications, [he] would have taken the final step [he] sometimes take[s] of using a non-AI legal research software (FastCase or Casemine) to do a final cite check." (*Id.* at 3).

Attorney Little concludes by reiterating that he "did not know OpenCase had hallucinative capability, or that it would add hallucinated authorities to [his] prior draft that contained none" and he "will be mindful of this potential moving forward." (*Id.*). He argues that his summary of the above events "shows that he did not completely abdicate [his] role in preparing plaintiff s opposition, which was produced based on several prior drafts and utilizing a paid legal AI research software that [he] understood to be reliable, based on its marketing and [his] prior experience." (*Id.*). He apologizes to the Court and "acknowledge[s] it is [his] responsibility to

2

ensure [that he] submit[s] accurate pleadings." (*Id.*).

### III. LEGAL STANDARDS

Recently, "many courts have confronted briefs populated with fraudulent legal citations resulting from attorneys' reliance on generative AI." *Noland v. Land of the Free, L.P.*, 114 Cal. App. 5th 426, 433, 446 (2025). Courts, including those in this District, have sanctioned "attorneys and *pro se* parties for submitting fictitious case citations, fictitious quotations, and related misrepresentations to the court." *United States v. Hayes*, 763 F. Supp. 3d 1054, 1071 (E.D. Cal. 2025), *reconsideration denied*, No. 2:24-CR-0280-DJC, 2025 WL 1067323 (E.D. Cal. Apr. 9, 2025) (collecting cases). Sanctions have included (1) monetary sanctions; (2) the striking of briefs; (3) requiring written notification to the attorney's client; and (4) dismissal of the complaint. *Id.* at 1071-72.

Such sanctions have been based on the Court's inherent authority, the Court's Local Rules, Professional Rules of Conduct, and the Federal Rules of Civil Procedure. *Id.* at 1062-63 (citing Court's inherent authority, Local Rules, and Rules of Professional Conduct as basis to issue sanctions); *Tercero v. Sacramento Logistics*, LLC, No. 2:24-CV-00953-DC-JDP, 2025 WL 2605020, at *13 (E.D. Cal. Sept. 9, 2025) (issuing sanctions under Federal Rule of Civil Procedure 11(b) and Local Rule 180(e)).

However, rather than sanctioning attorneys, courts have taken other steps too, such as admonishing counsel and warning of future sanctions should the attorney continue to file briefs with erroneous citations. *See Villalovos-Gutierrez v. Pol*, No. 2:24-CV-2305-DJC-CKD, 2025 WL 3470253, at *3 (E.D. Cal. Dec. 3, 2025) ("Counsel shall not file or otherwise present to the court any documents which contain AI-hallucinated citations or fictitious or non-existent legal citations. Counsel's failure to confirm the existence of, as well as the accuracy and veracity of a case or other legal citation created by an AI tool or taken from another indirect source, is a potential ground for sanctions."); *Gibralter, LLC v. DMS Flowers, LLC*, No. 1:24-CV-00174-CDB, 2025 WL 2689350, at *2 (E.D. Cal. Sept. 19, 2025) ("Counsel is admonished to exercise due care in using AI tools and resources in the preparation and drafting of her filings before the Court.").

\\\

3

## IV. DISCUSSION

With the above legal standards in mind, and after considering Attorney Little's response to the show cause order, the Court will discharge its show cause order without imposing sanctions. The Court accepts Attorney Little's representation that he did not understand that using generative AI in the format he used could generate inaccurate information, he recognizes and apologizes for his errors, and he will ensure that future filings to not include these issues.

That said, the Court reiterates that deficient filings produced from the use of generative AI are a serious concern. It is important that the Court can rely on citations provided by counsel without having to independently verify if such authority exists. *See Noland*, 114 Cal. App. 5th at 444 (citing cases noting that erroneous citations waste judicial resources). Moreover, deficiencies like those contained in Attorney Little's brief reflect poorly on the legal profession as a whole. *Hayes*, 763 F. Supp. 3d at 1071 ("Submitting fictitious cases and quotations to the Court, and making misrepresentations to the Court to insist that a non-existent case is real, 'degrades or impugns the integrity of the Court' and 'interferes with the administration of justice' in violation of Local Rule 180(e).").

Further, because of the numerous errors in his opposition brief, the Court will require Plaintiff to file a superseding opposition and will permit Defendant to file an optional superseding reply brief.

## V. ORDER

For the reasons given above, IT IS ORDERED as follows:

1. The Court's April 6, 2026, order to show cause is discharged without the imposition of sanctions. (ECF No. 16).

2. Attorney Little is warned that sanctions may issue if he submits any future deficient filings in this case similar to his opposition brief.

3. By no later than April 16, 2026, Plaintiff shall file a superseding opposition brief. (ECF No. 12).

\\\

\\\

\\\

4

4. Defendant shall have 7 days following the filing of the opposition brief to file an optional reply brief that supersedes its current reply. (ECF No. 13).

IT IS SO ORDERED.

Dated:   **April 9, 2026**                         /s/ _Erin P. Gross_
                                                UNITED STATES MAGISTRATE JUDGE