Kevin G. Little, SBN 149818
Michelle L. Tostenrude, SBN 290121
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, CA 93747
Telephone: (559) 342-5800
Facsimile: (559) 242-2400
E-Mail: service@kevinglittle.com

Attorneys for Plaintiff ELIO GAMEZ

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| ELIO GAMEZ,<br><br>                    Plaintiff,<br><br>        vs.<br><br>COUNTY OF FRESNO; and DOES 1-10,<br><br>                    Defendants. | Case No.: 1:26-cv-00297-KES-EPG<br><br>**PLAINTIFF ELIO GAMEZ'S OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(e)]**<br><br>Date: Submitted<br>Time: Submitted<br>Courtroom: 10, 6th Floor<br>Judge: Hon. Erica P. Grosjean<br><br>Complaint Filed: December 8, 2025<br>Trial Date: Not Yet Set |

## I. INTRODUCTION

Plaintiff Elio Gamez respectfully submits this opposition to Defendant County of Fresno's motion requesting a more definite statement under Federal Rule of Civil Procedure ("Rule") 12(e). While the Court certainly has the authority to order the provision of a more definite statement, such a remedy is disfavored when the details that are claimed to be lacking could just as easily be obtained during the discovery process. For these reasons, as more specifically set forth herein, the motion for a more definite statement should be denied.

///

///

- 1 -

## II. FACTUAL BACKGROUND

On December 8, 2025, Plaintiff filed his lawsuit in the Fresno County Superior Court alleging civil rights violations and negligence related to his incarceration at the Fresno County Jail. Specifically, Plaintiff's Complaint alleges the following:

8.     Mr. Gamez was arrested on December 16, 2024, by Fresno Police Officers for suspicion of vehicle theft and evading the police.

9.     During his arrest, Mr. Gamez suffered injuries to his scaphoid and was taken to the hospital for assessment and treatment. Medical professionals informed Mr. Gamez and the accompanying officers that Mr. Gamez may need to undergo surgery in order to treat his injuries and provided a brace for his wrist that was to aid the injured bone while healing.

10.     Unknown Fresno County employees confiscated the brace when Mr. Gamez arrived at the Fresno County jail. Mr. Gamez was denied the use of any sort of brace for approximately two months, after which an ineffectual brace was provided that was insufficient for supporting Mr. Gamez' injured arm.

11.     Approximately four months after his initial visit to the hospital, Mr. Gamez and accompanying Unknown Fresno County employees returned to the hospital for a follow-up visit due to an increasing amount of pain from Mr. Gamez' injury. Mr. Gamez and the Unknown Fresno County employees were informed by medical professionals that Mr. Gamez' bone had in fact died. Instead of comparatively simple surgery, Mr. Gamez now needs the scaphoid removed and a fusion of 3 of his other bones in order to ensure the use of his arm and hand.

12.     Mr. Gamez is being denied the medically recommended surgery by Unknown County of Fresno Employees due to their reluctance to accommodate the resultant extensive physical therapy required after the surgery.

13.     Without this surgery, Mr. Gamez stands the risk of needing the amputation of not just his hand, but his entire arm.

14.     Mr. Gamez has not received this surgery to date.

15.     On April 16, 2025, counsel for Mr. Gamez sent a letter to the administration of the Fresno County Jail requesting that Mr. Gamez receive the medically necessary surgery to retain the use of his arm. Mr. Gamez also filed a claim for damages with the County of Fresno at this time.

16.     Shortly after the afore-mentioned correspondence and claim for damages was filed multiple Unknown County of Fresno employees tackled Mr. Gamez from behind, threw him to the ground and beat Mr. Gamez.

17.     Mr. Gamez has been retaliated against by Unknown Fresno County of employees in the form of beatings and tasings, and has been denied the use of needed

PLAINTIFF ELIO GAMEZ'S OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(E)]

KgL
**LAW OFFICE OF KEVIN G. LITTLE**
Fresno | San Francisco | San Diego

anti-inflammatory and antibiotic medications. Mr. Gamez has also been unjustifiably relegated to solitary confinement in retaliation.

18.     Mr. Gamez was also told by an Unknown County of Fresno employee, "If you want to file a lawsuit, I'll give you something to file about."

19.     The retaliation and threats made to Mr. Gamez chilled his desire to pursue legal action.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(e) provides:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e); *see also Swiekiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); *C.B. v. Sonora Sch. Dist.*, 691 F. Spp. 2d 1170, 1190-91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e., so vague that the defendant cannot begin to frame a response."). A court should deny a motion for a more definite statement "if the complaint is specific enough to notify [a] defendant of the substance of the claim being asserted" or "if the detail sought by a motion for more definite statement is obtainable through discovery." *C.B.*, 691 F. Supp. 2d at 1191. A Rule 12(e) motion "is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). This liberal pleading standard is consistent with Federal Rule of Civil Procedure 8(a), which requires only that the complaint contain a "short and plain statement of the claim."

It is also important to note that this case was instituted in a state court and was removed to this federal forum.  Under such circumstances, Rule 81(c)(2) does not require repleading unless the court orders it.   However, federal pleading standards govern the sufficiency of a removed

- 3 -

KgL
LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco | San Diego

complaint. *See Granny Goose Foods, Inc, v. Brotherhood of Teamsters*, 415 U.S. 423, 438 (1974) . those pleading standards essentially require that the complaint provide fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)

## IV. ARGUMENT

### A.  The First Claim for Relief is Not a "Shotgun Pleading" Under Governing Precedent

Defendant argues that the First Claim for Relief is a shotgun pleading[1] because it alleges both state and federal theories of liability under multiple theories in one cause of action.  Plaintiff's First Claim for relief states the following:

> 20.    Plaintiff hereby restates, re-alleges and incorporates by reference each of the foregoing paragraphs in this complaint with the same force and effect as though fully set forth herein.
>
> 21.    Pursuant to Civil Code § 52.1 and the 1871 Civil Rights Act, jail staff have the legal duty not to deprive any pretrial detainee of the rights, privileges, or immunities secured under the United States Constitution and California Constitutions. Furthermore, jail staff may be held liable under these provisions if they acted with "deliberate indifference" or "reckless disregard" for the safety of any pretrial detainee.
>
> 22.    Defendants Does 1-10 were aware of Mr. Gamez's serious medical complaints and should have taken adequate steps to protect and care for Mr. Gamez. Furthermore, the Defendants acted with "deliberate indifference" and "reckless disregard" for the wellbeing of Mr. Gamez by ignoring and not taking adequate care of him. These Defendants made intentional decisions to ignore Mr. Gamez's serious complaints, despite the substantial risk of serious harm, and the availability of measures to eliminate, reduce and/or ameliorate that harm. A reasonable jail staff member in the Defendants' position would have understood the seriousness of Mr. Gamez's complaints and the need for a timely and effective response to them, as well as the great risk of not responding timely and effectively.
>
> 23.    In addition, the Plaintiff contends that the Defendants deliberately heightened his risk of harm by allowing Mr. Gamez not to get the proper medical treatment in a timely manner, as dictated by medical staff, allowing his condition to worsen, especially through the Defendants' refusal to allow Plaintiff his antibiotics.

[1] The term "shotgun pleading" can refer to different pleading problems, either a complaint that does not differentiate defendants, *see e.g. Bonnette v. Dick*, 2020 WL 3412733 at *3 (E.D.Cal. 2020), a complaint that violates Rule 10(b) by combining separate transactions or occurrences in one claim, *see e.g., Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc*., 2015 WL 12777092 at *4 (C.D.Cal 2015), or a complaint that incorporates each preceding paragraph regardless of relevancy into subsequent claims or causes.  *See, e.g., Destfino v. Kennedy*, 2009 WL 63566 ay *4 (E.D.Cal. 2009).  Based on the arguments in the defense motion, plaintiff understands that the contention is that the specific shotgun pleading argument being made here sounds in Rule 10(b).  Plaintiff therefore responds accordingly.

PLAINTIFF ELIO GAMEZ'S OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(E)]

**KgL**
**LAW OFFICE OF KEVIN G. LITTLE**
Fresno | San Francisco | San Diego

KgL
LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco | San Diego

24.    By neglecting their duty of care, the Defendants failed to act reasonably in light of a particular threat of danger to Mr. Gamez.

25.    As a result of the Defendants' actions being substantial factors that led to Mr. Gamez having experienced serious bodily injury, the Defendants violated Mr. Gamez's federal and state rights to be free from cruel and unusual punishment. Therefore, Plaintiff is entitled to compensatory relief. Plaintiff is also entitled to an award of punitive damages under the same provisions based on proof of the violation of his rights. Prevailing plaintiff is also entitled to an award of legal fees and expenses.

26.    Mr. Gamez engaged in protected speech/activity by serving a grievance letter and other notifications of issues regarding his conditions in Fresno County Jail.

27.    Defendants, acting under color of state law, deprived Mr. Gamez of his constitutional rights to free speech  and due process rights through retaliation and attempted censorship, requiring Mr. Gamez to show the Defendants' deliberate indifference or motive to chill speech, and there was no legitimate penological goal which would have justified their actions.

28.    The constitution and California's Article I, sections 2 and 13  and the 1871 Civil Rights Act prohibits interference by threats, intimidation, or coercion with the exercise or enjoyment of rights secured by the Constitution or laws of the United States or the State of California.

29.    Defendants used their authority as correctional officers by threatening, harassing, and harming Mr. Gamez to withdraw from legal action through the use of physical violence, verbal threats, by denying food and water and other punishments.

30.    The Defendants conduct was undertaken with the specific intent to deprive Plaintiff of his constitutional rights through threats, intimidation, and coercion.

31.    As a direct and proximate result of Defendants' violations, Plaintiff has suffered damages including emotional distress, humiliation, loss of dignity, and the possible loss of his arm/hand. Amount of damages will be proven at trial.

32.    Defendant County of Fresno is vicariously liable for Fresno County Jail Employees'/Staffs' violations, as the Unknown Jail Staff and Unknown C.O.s were acting within the course and scope of their employment.

33.    Plaintiff is entitled to declaratory relief, actual damages, statutory damages, punitive damages against, and reasonable attorney's fees and costs.

Thus, the First Claim for Relief concerns (a) a deliberate indifference theory or relief, and (b) a free speech retaliation theory of relief. Both theories invoke both federal and state law, and the

PLAINTIFF ELIO GAMEZ'S OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(E)]

County of Fresno is sued under federal law based on a *Monell* theory and under state law under a vicarious liability theory.

Plaintiff will not pretend that the Complaint is as clear as perhaps it could be, but that is not the standard. Under Federal Rule of Civil Procedure 10(b), each theory of relief does not have to be labeled as a separate cause of action; they only need to be set forth in separate numbered paragraphs. Indeed, Rule 8(a)(2) permits multiple alternative statements of a claim to be set forth in a single count.

Plaintiff concedes that this Court may, for purposes of clarity, order each claim for relief founded upon a separate transaction to be stated in a separate count under Rule 10(b), and he will of course abide by the Court's exercise of its discretion in that regard. His position, however, is that the factual transaction alleged was a continuous one, rather than two separate transactions. Specifically, he contends he was denied medical care throughout, first due to deliberate indifference, and then additionally due to retaliation related to his initial complaints. Plaintiff believes that this singular, overriding factual scenario differentiates this case from *Gibson v. Portland*, ___ F.4th, 2026 WL 235118 (9th Cir., Jan. 29, 2026), where it appears it was undisputed that the combined claims for relief were based on entirely separate factual transactions that bore no relation to each other in terms of continuity, singularity of harm, or location. *Id*. at *16-20.

The weakness of the defense argument is that it characterizes the Plaintiff's different legal theories as "vague and unrelated," but a fair reading of the Complaint shows they are clearly alleged and interrelated. There is no doubt about what the Plaintiff is alleging: he is alleging medical mistreatment while he was incarcerated at the Fresno County Jail, due to deliberate indifference and then also retaliation. Again, while it might be stylistically preferable for the Plaintiff to have segregated his different legal theories into distinct claims for relief, nothing in the Rules so requires, so long as they are stated in separately numbered paragraphs.

The remainder of the defense arguments are insubstantial. It claims that the Complaint is unclear in terms of Government Code compliance, and whether the allegations of compliance in paragraphs 3 and 15 of the Complaint relate to both deliberate indifference and retaliation, but the Plaintiff does not have to specifically allege compliance. While compliance with the Government

PLAINTIFF ELIO GAMEZ'S OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(E)]

KGL
LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco | San Diego

Code is a jurisdictional condition precedent to suing a public entity, *see* Cal. Gov't Code § 911.2; *Stockton v. Superior Court*, 42 Cal.4th 730, 737-738 (2007), conditions precedent only need be generally alleged under Rule 9(c).  If the defense wants to learn the extent of Plaintiff's compliance,[2] it will be able to during the discovery process.

Finally, the defense arguments that elements of any asserted claims are lacking or punitive damages were improperly sought[3] are not Rule 12(e) arguments, and there is no Rule 12(b) or 12(f) motion before the Court.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the motion for a more definite statement in its entirety. The County may not like the way Plaintiff has organized his legal theories, but Rule 8 expressly permits alternative pleading, and Rule 12(e) is not a vehicle for compelling Plaintiff to adopt the County's preferred organizational structure.

Dated: April 9, 2026                                        Respectfully submitted,

                                                            LAW OFFICE OF KEVIN G. LITTLE

                                                            */s/ Kevin G. Little*
                                                            Kevin G. Little
                                                            Attorneys for Plaintiff ELIO GAMEZ

[2] It will learn that, just as paragraph 3 indicates, Plaintiff properly and timely presented two claims, not one, and filed suit timely thereafter.

[3] The Complaint states on page 6, lines 23-24 that punitive damages are only sought against the individual defendants.

- 7 -

PLAINTIFF ELIO GAMEZ'S OPPOSITION TO DEFENDANT COUNTY OF FRESNO'S MOTION FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(E)]